UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNG NGOC NGUYEN,

Petitioner,

v.

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT;
and PAMELA BONDI,

Respondents.

C26-0219 TSZ

ORDER

THIS MATTER comes before the Court on petitioner's Hung Ngoc Nguyen's petition for a writ of habeas corpus, docket no. 5, emergency motion for an order of release, docket no. 11, and motion for a temporary restraining order ("TRO"), docket no. 12. Having reviewed all papers filed in support of, and in opposition to, the habeas petition and related motions, the Court enters the following Order.

**Background**

Petitioner Hung Ngoc Nguyen was born in the Republic of the Philippines to an American citizen and admitted as an infant to the United States with the status of lawful permanent resident (XN3). *See* Return at 2 (docket no. 8); Exs. 1 & 6 to Van Daley Decl.

ORDER - 1

(docket no. 10-6).  The records in petitioner's "alien file" suggest that, although U.S. Immigration and Customs Enforcement ("ICE") considers him a citizen of the Socialist Republic of Vietnam, petitioner has never lived in Vietnam.  *See* Exs. 1–6 to Van Daley Decl. (docket nos. 10-1 through 10-6).  Petitioner denies being a citizen of either Vietnam or the Philippines.  *See* Traverse at ¶ 4 (docket no. 13).[1]

At the age of 18 or 19, petitioner began accruing convictions for petty offenses, including possession or use of marijuana, driving offenses, and receipt of stolen property. *See* Exs. 1 & 2 to Van Daley Decl. (docket nos. 10-1 & 10-2).  On June 12, 2019, as a result of one or more of these crimes, petitioner was ordered removed to Vietnam or, in the alternative, the Philippines.  *See* Exs. 3 & 4 (docket nos. 10-3 & 10-4).  According to respondents, petitioner waived appeal of the removal order.  *See* Rosa Decl. at ¶ 10 (docket no. 9).  On September 11, 2019, petitioner was released from detention, after having been in ICE custody since December 26, 2018, pursuant to an Order of Supervision ("OSUP"), because removal to Vietnam or the Philippines was not likely in the reasonably foreseeable future.  *Id.* at ¶¶ 8 & 11–13 (docket no. 9); Ex. 5 to Van Daley Decl. (docket no. 10-5).

In August 2022, petitioner was convicted in Utah of felony theft and sentenced to an indeterminate term of up to five years in prison.  *See* Exs. 1 & 2 to Van Daley Decl.

---

[1] Petitioner's traverse, which is titled "OPPOSITION MOTION TO RESPONDENT'S RETURN AND OBJECTION," was received by the Court on February 23, 2026, but the envelope in which it arrived was stamped by the law library at the detention facility in which petitioner is housed with the date February 17, 2026, which was the due date for his traverse.  *See* Traverse (docket no. 13).  The traverse is therefore considered timely filed.

ORDER - 2

(docket nos. 10-1 & 10-2).  On May 7, 2025, petitioner was "encountered by immigration officials at the Salt Lake County Metro Jail," taken into ICE custody on July 13, 2025, and transported to the Northwest ICE Processing Center ("NWIPC") on July 24, 2025. Rosa Decl. at ¶¶ 14–15 (docket no. 9).  Petitioner has been in ICE custody for over six months, and he now seeks release from the NWIPC via a writ of habeas corpus and/or a temporary restraining order.

**Discussion**

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely.  *See* *Zadvydas v. Davis*, 533 U.S. 678, 698–99 (2001); *see also* 8 U.S.C. § 1231(a).  If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention.  *See* *Zadvydas*, 533 U.S. at 701.  In this matter, the presumptively reasonable six-month post-removal-order period has expired, but respondents have offered evidence that petitioner's removal to Vietnam[2] might occur in the reasonably foreseeable future.  On February 3, 2026, a travel document request was sent to the Vietnam attaché for processing, and respondents have represented to the Court that Vietnam is currently issuing travel documents for "returning

[2] Respondents appear to concede that petitioner's removal to the Philippines is improbable; the consulate has previously indicated that petitioner is not a citizen of the Philippines.  *See* Rosa Decl. at ¶ 11 (docket no. 9).

ORDER - 3

aliens" within 30 to 90 days after a request is submitted to the consulate.  *See* Rosa Decl. at ¶¶ 19–20 (docket no. 9).  Given that petitioner is not a "returning alien," having never lived in Vietnam, respondents' estimates about the time needed to effectuate petitioner's removal appear to be overly optimistic.  Nevertheless, the Court will provide respondents another sixty (60) days in which to obtain the documents necessary to remove petitioner to Vietnam.

The Court REFERS this matter to the Office of the Federal Public Defender for review and consultation with petitioner.  The Office of the Federal Public Defender is requested to advise the Court by April 6, 2026, whether it will seek appointment in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B).  If the Office of the Federal Public Defender enters a notice of appearance in this matter, it may file on petitioner's behalf a renewed or amended petition for a writ of habeas corpus, and upon such submission, the briefing schedule set forth in General Order 10-25 shall apply.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 5, is DENIED without prejudice.  Respondents shall continue to make efforts to remove petitioner to Vietnam, but if they are unable to obtain the necessary documents within sixty (60) days of the date of this Order, petitioner may renew his request for release.

(2)     Respondents are DIRECTED to file a status report within seven (7) days after receipt of the documents necessary to remove petitioner to Vietnam or within sixty (60) days of the date of this Order, whichever occurs earlier.

(3)     Respondents shall not effectuate petitioner's removal to Vietnam or transfer him out of this judicial district unless they provide at least ten (10) days' advance written notice to petitioner, any counsel who has appeared for petitioner, and the Court.

(4)     In light of the Court's ruling, which reflects a current unlikelihood of success on the merits, *see* *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standards for a TRO and a preliminary injunction are equivalent), petitioner's "emergency motion" and motion for a temporary restraining order, docket nos. 11 and 12, are DENIED without prejudice.

(5)     The Office of the Federal Public Defender is requested to consult with petitioner and to advise the Court by April 6, 2026, whether it will seek appointment in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B).

(6)     The Clerk is directed to send a copy of this Order to all counsel of record, to petitioner pro se, and to the Office of the Federal Public Defender.

IT IS SO ORDERED.

Dated this 6th day of March, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 5