UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNG NGOC NGUYEN,

        Petitioner,

    v.

UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT;
TODD BLANCHE; and BRUCE
SCOTT,

        Respondents.

C26-0219 TSZ

ORDER

On March 6, 2026, the Court ordered that Respondents file a status report within seven days after receipt of travel documents to remove Petitioner Hung Ngoc Nguyen to Vietnam or within sixty days of the Order, whichever occurred earlier, and that Immigration Customs Enforcement not remove Petitioner or transfer him out of the judicial district without providing at least ten days' advance written notice to him, his counsel, and the Court. Order at 4–5 (docket no. 17). On May 11, 2026, the Court ordered that Respondents show cause why they should not be sanctioned for violating that Order. Order at 5–6 (docket no. 23).

Respondents request that no sanctions be imposed for its violations of the Court's Order. Response at 3–4 (docket no. 24). Despite acknowledging that Respondents were required to comply with the Court's reporting and notice requirements and failed to do

ORDER - 1

so, they argue that the notification requirements should not have been ordered.  Id. at 5 (citing Order (docket no. 15 – Kibor v. Hermosillo, No. 2:26-cv-00390-JLR) (granting government's motion to vacate notice requirements after denial of habeas petition); see Kibor v. Hermosillo, 2026 WL 538477 (W.D. Wash. Feb. 26, 2026)).  Even if true, Respondents here never moved to vacate the Court's notice and reporting requirements, unlike in Kibor.  The Court's ordered requirements, therefore, enjoyed full force and effect.  The Court has reviewed the declaration signed by Andre Ouk, the deportation officer responsible for failing to adequately update the government's records that directly led to Petitioner's removal in violation of Court's Order.  Ouk states that he "inadvertently failed to include the additional notice requirements that were included in the Order and in the email . . . I believe this to have been related to not fully copying the Order or its summary before I completed my entry."  Ouk Decl. at ¶ 9 (docket no. 26).  Ouk's statements show that the government's belief that "the Court's orders [should] be simplified and standardized" so they can be "readily understandable" was at best disingenuous and speculative.  See Van Daley Decl. at ¶ 7 (docket no. 21).

Nevertheless, the Court concludes that Respondents' violation of the Court's Order was unintentional and resulted from administrative error.[1]  The Court will impose no sanction.[2]

---

[1] The Court notes however, that this is not the first time that Respondents removed a petitioner without complying with reporting and notice requirements imposed by a court in this District.  See Ye v. Blanche, 2026 WL 1382387, at *1–2 (W.D. Wash. May 18, 2026).  The Court similarly and strongly cautions that "any future violations—inadvertent or not—may be sanctioned."  Ye v. Blanche, 2026 WL 1761148, at *1 n.1 (W.D. Wash. June 18, 2026).

[2] Petitioner's counsel states that Petitioner does not want the Court to order Respondents to return him to the United States.  See Memorandum at 4 (docket no. 28); Lai Decl. at ¶ 6 (docket no. 29).

ORDER - 2

**Conclusion**

For the foregoing reasons, the Court ORDERS:

The Clerk is directed to send a copy of this Order to all counsel of record, enter judgment, and CLOSE this case.

IT IS SO ORDERED.

Dated this 30th day of June, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 3